# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLI J. SILVERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-10-821-R |
| ) | |
| MIKE MULLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch [Doc. No. 32] and Petitioner's "Motion to Objections Recommendation" [Doc. No. 33], which the Court treats as an objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* the Report and Recommendation in light of Petitioner's objection.

First, Petitioner complains that the District Court of Kay County never vacated the restitution award apparently after the OCCA found in its Summary Opinion Denying Certiorari that the restitution award was not adequately supported. However, Petitioner did not make the trial court's alleged failure to vacate the restitution award (or failure to require on remand presentation of evidence to support the award) a ground for habeas relief. Hence, the Magistrate Judge did not address the restitution award and neither does the Court.

Next, Petitioner again asserts that the blind plea was entered "unadvisedly" and not knowingly and voluntarily because Petitioner "did not fully understand" that she was entering a blind plea of guilty. The Court has reviewed the entire record and agrees with the Magistrate Judge that the OCCA's decision affirming the trial court's denial of Petitioner's motion to

withdraw her guilty plea, which was based upon the assertion that the plea was not knowing and voluntary, is not contrary to nor an unreasonable application of Supreme Court law and its factual determination that Petitioner's plea was knowingly and voluntarily entered is not objectively unreasonable in light of evidence in the state court proceeding.

Because Petitioner's other claims are procedurally barred from habeas review by adequate and independent state law grounds, Petitioner's argument that the revocation cases were brought when she was not yet on probation and had not yet had a hearing on the application to revoke is only germane to the "fundamental miscarriage of justice" exception to the procedural bar. However, as the Magistrate Judge explained, this is a claim of legal innocence, not factual innocence which is necessary to support the fundamental miscarriage of justice exception to a state procedural bar. *See e.g., Shayesteh v. City of South Salt Lake*, 217 F.3d 1271, 1283 (10th Cir. 2000).

In light of Petitioner's procedural default of all of her claims other than that her plea was not knowing and voluntary, the Court does not address Petitioner's other objections.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 32] is ADOPTED in its entirety, the petition for a writ of habeas corpus [Doc. No. 3] is DENIED and Petitioner's application for appointment of counsel [Doc. No. 16] is DENIED.

IT IS SO ORDERED this 27th day of January, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE